ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| IYOLEXIS MARGARITA CODESAL GUZMÁN<br><br>Recurrida<br><br>v.<br><br>GASPAR MAURICIO CODESAL GUZMÁN, INOCENCIA PEÑALVERTY RIVERA Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Peticionarios | TA2025CE00443 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2025CV00344 (505)<br><br>Sala: 303<br><br>Sobre: Liquidación de Comunidad de Bienes; Cobro de Dinero; Enriquecimiento Injusto |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 25 de septiembre de 2025.

Comparecieron los peticionarios, el señor Gaspar Mauricio Codesal Guzmán (en adelante, "señor Codesal Guzmán") y la señora Inocencia Peñalverty Rivera (en adelante, "Peñalverty Rivera"), mediante un recurso de *Certiorari* presentado el 12 de septiembre de 2025. Nos solicitaron la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, "foro primario"o "foro recurrido") el 17 de agosto de 2025 y notificada el 19 de agosto de 2025. En la *Resolución*, el foro primario declaró no ha lugar a la *Solicitud de Desestimación de la Demanda con Perjuicio* incoada por el señor Codesal Guzmán y la señora Peñalverty Rivera el 16 de julio de 2025.

Por los fundamentos que expondremos a continuación, se **deniega la expedición** del auto de *Certiorari*.

**-I-**

El 23 de enero de 2025, la señora Iyolexis Margarita Codesal Guzmán (en adelante, la "señora Codesal Guzmán" o "recurrida") instó *Demanda* sobre liquidación comunidad de bienes, cobro de dinero y enriquecimiento injusto contra los codemandados, el señor Codesal Guzmán, la señora Peñalverty Rivera y en conjunto, ("el matrimonio Codesal Peñalverty), la Sociedad Legal de Gananciales compuesta por ambos.[1] Alegó, en síntesis, que las partes de epígrafe son dueñas en común pro indiviso de un inmueble ubicado en el Barrio Hato Tejas del municipio de Bayamón. Sostuvo que el matrimonio Codesal Peñalverty gozó exclusivamente del uso y posesión del inmueble con el fin de arrendarlo a terceras personas. Según expresó, estos no le pagaron a la señora Codesal Guzmán los cánones de arrendamiento que le correspondía por su participación. Por lo cual, solicitó al foro primario la venta del inmueble y la liquidación de los cánones de arrendamiento dejados de percibir por la cantidad de $1,443,857.14. Asimismo, solicitó la indemnización por daños y enriquecimiento injusto por la cantidad de $2,000,000.00 y que se ordenara la consignación de los cánones de renta devengados por el arrendamiento del inmueble.

El 19 de febrero de 2025, la señora Codesal Guzmán presentó *Moción Sobre Emplazamientos Diligenciados.*[2] Mediante la referida moción, acompañó copia de los emplazamientos e informó que tanto el matrimonio Codesal Peñalverty, así como la Sociedad Legal de Gananciales compuesta por estos, fueron emplazados. Con su escrito, sometió copia de los emplazamientos diligenciados.

Posteriormente, el 16 de abril de 2025, el matrimonio Codesal Peñalverty, sin someterse a la jurisdicción, presentó *Contestación a*

---

[1] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (en adelante, "SUMAC-TPI"), entrada núm. 1, págs. 1-5.
[2] SUMAC-TPI, entrada núm. 6, pág. 1.

*Demanda.*[3] Allí levantaron varias defensas afirmativas incluyendo la prescripción, falta de parte indispensable, insuficiencia de emplazamiento, entre otras.

Luego de varios trámites procesales, el 16 de julio de 2025, el matrimonio Codesal Peñalverty presentó una *Solicitud de Desestimación de la Demanda con Perjuicio.*[4] Adujeron que la señora Codesal Guzmán había presentado previamente una demanda que contenía las mismas causas de acción y dirigida igualmente a las mismas partes del presente caso, bajo el caso civil número BY2024CV04951. Además, plantearon que la señora Codesal Guzmán omitió emplazar correctamente a la sociedad legal de gananciales, compuesta por los codemandados.

El 14 de agosto de 2025, la señora Codesal Guzmán presentó *Moción en Oposición a Desestimación.*[5] En particular, arguyó que presentó los emplazamientos diligenciados personalmente sobre el matrimonio Codesal Peñalverty y la sociedad legal de gananciales, compuesta por ellos. Indicó que les requirió a los codemandados que estamparan sus firmas al dorso de la copia del emplazamiento dirigido a la sociedad legal de gananciales. Por lo cual, le solicitó al foro de instancia que declarara no ha lugar a la solicitud de desestimación presentada por los codemandados y en consecuencia anotara la rebeldía a la sociedad legal de gananciales.

Así las cosas, el 17 de agosto de 2025, el foro primario emitió una *Resolución* en la cual declaró no ha lugar a la solicitud de desestimación presentada por el matrimonio Codesal Peñalverty.[6] En específico, señaló que, del diligenciamiento de emplazamiento dirigido a la sociedad legal de gananciales, surgía que fue recibido

---

[3] SUMAC-TPI, entrada núm. 12, pág. 1-21.
[4] SUMAC-TPI, entrada núm. 27, págs. 1-13.
[5] SUMAC-TPI, entrada núm. 33, págs. 1-3.
[6] SUMAC-TPI, entrada núm. 34, pág. 1.

por ambos cónyuges del matrimonio Codesal Peñalverty, puesto que constaban las firmas de ambos.

Inconformes con el dictamen del foro primario, el 12 de septiembre de 2025, los peticionarios acudieron ante este Tribunal mediante el recurso de epígrafe en el cual plantearon el siguiente error:

> Erró el Honorable TPI al denegar nuestra *Solicitud de Desestimación de la Demanda con Perjuicio* a pesar de que éste no adquirió jurisdicción sobre la SLBG y a pesar de que, habiéndose desestimado la demanda previa por el mismo fundamento, debió proceder la desestimación con perjuicio a tenor con la Regla 4.3 (c) de Procedimiento Civil y según resuelto en *Torres Zayas v. Montano Gómez,* supra.

En igual fecha, los peticionarios presentaron ante nos una *Solicitud de Orden en Auxilio de Jurisdicción para Detener los Procedimientos*, la cual denegamos.

Examinado el recurso, determinamos prescindir de la comparecencia de la parte recurrida, conforme a la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025)[7], y procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

-II-

**A. Certiorari**

El recurso de *Certiorari* es un mecanismo procesal que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Distinto al recurso de apelación, el foro revisor tiene la facultad para expedir o denegar el

---

[7] A partir del 16 de junio de 2025, las nuevas enmiendas incorporadas a nuestro Reglamento tienen vigencia inmediata en todos los procedimientos pendientes ante nos.

recurso de C*ertiorari* de manera discrecional. *García v. Padró,* 165 DPR 324, 334 (2005). Sin embargo, tal discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez*, supra, pág. 847.

En específico, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.* Reglamento TA, 2025 TSPR 42, págs. 59-60, 215 DPR ___ (2025). La referida regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*, como sigue:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.   Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y cuando se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

En lo que respecta al caso de marras, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. Dado a eso, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende

conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). En consonancia con ello, nuestro más Alto Foro ha expresado en *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018), que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto".

**-III-**

En el presente caso, los peticionarios argumentaron que el foro primario incidió al denegar la solicitud de desestimación. En síntesis, alegaron que procedía la desestimación debido a que el Tribunal no adquirió jurisdicción sobre la sociedad legal de gananciales compuesta por los peticionarios.

Tras examinar con detenimiento el expediente ante nuestra consideración, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. Del emplazamiento diligenciado a la sociedad legal de gananciales surge que los peticionarios estamparon sus firmas, confirmando así que ambos cónyuges recibieron el mismo. Dado lo anterior, entendemos que el foro *a quo* no incurrió en error de derecho, ni abuso de discreción que, de no atenderse por este tribunal revisor, resultaría en un irremediable fracaso a la justicia.

Por último, destacamos que no se configura ninguna de las circunstancias que justifican la expedición del auto bajo los fundamentos de la Regla 40 de nuestro Reglamento. En fin, no encontramos razones para expedir el auto y revisar la *Resolución* recurrida.

**-IV-**

Por los fundamentos previamente expuestos, se **deniega la expedición** del auto de *Certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones